SUPREME COUNCIL A. L. H. v. DAIX.

(Circuit Court of Appeals, Third Circuit. May 10, 1904.)

No. 27.

1. BENEFIT LIFE INSURANCE—RENUNCIATION OF CONTRACTS BY ASSOCIATION—RIGHT OF MEMBER TO RESCIND.

Where an incorporated fraternal life insurance association renounced its contracts with members by the adoption of an invalid by-law assuming to arbitrarily reduce the amount payable on their certificates, the right of a member to elect to treat the contract as rescinded, and recover the payments made by him, is not lost by delay, so long as he has not recognized the illegal action by the payment of further assessments, nor done anything to mislead the association to its prejudice.

2. SAME—ACTION TO ENFORCE RESCISSION—LIMITATION.

A provision in the by-laws of a benefit life association limiting the time for bringing an action on any cause or claim arising out of any membership or benefit certificate to one year from the time the cause of action accrues, which from the context is shown to relate to actions after the death of a member to recover on his certificate, cannot be invoked by the association, after it has repudiated its contracts with members, to defeat an action by a member to enforce a rescission and recover payments made by him.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 127 Fed. 374.

Frank P. Prichard, for plaintiff in error.
John H. Sloan, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge.    It is conceded, as it must be, that the decision of this court in the case of Supreme Council A. L. H. v. Black, 123 Fed. 650, 59 C. C. A. 414, is conclusive here against the plaintiff in error (the defendant below), unless the plaintiff in this action (Daix) had lost his right to treat the contract as rescinded by reason of his delay of two years and three months in giving notice of his election to rescind, or the limitation of one year prescribed by the sixty-eighth general by-law of the defendant corporation had barred his action. These two grounds of defense are now to be considered.

1. Aside from the mere delay in signifying his election to rescind, nothing whatever is shown from which a waiver by Daix can be inferred.    He received no benefits from the corporation.    He did no act in recognition of the validity of the by-law passed in August, 1900, to take effect October 1, 1900, whereby the corporation undertook to reduce the amount payable on the death of Daix from $5,000 to $2,000. If Daix, after the receipt of the notice of October 1, 1900, had paid the assessment based on the attempted reduction, he would have signified acquiescence in the by-law.    He therefore refrained from paying that assessment.    Then the corporation, at the expiration of 30 days after the date of the notice of October 1st, expelled Daix from the order.    This action of the corporation is thus recited in the affidavit of defense:

"By reason of the nonpayment of assessment number 39, which was called on October 1, 1900, the said plaintiff was suspended from the defendant order, and subsequently expelled, and therefore his benefit certificate became void, according to the laws of the said defendant."

Thus the corporation undertook to extinguish the rights of Daix under his benefit certificate.    Thereafter the corporation steadfastly maintained the position that Daix's certificate was avoided and his rights lost.    In this posture of affairs, upon what principle was Daix bound to give earlier notice to the corporation than he did of his election of remedies?    We cannot see that he was under any obligation to move sooner in the assertion of his rights.    He was not in the enjoyment of any of the fruits of the contract.    Never having received anything of value from the corporation, he had no restitution to make. He did no act tending to mislead the corporation, nor any act indicating his intention to waive his right to treat the contract as rescinded. We do not perceive that the corporation suffered any legal or actual injury from the delay of the plaintiff in signifying his election to rescind. No such injury is alleged with sufficient precision in the affidavit of defense.    The averments of the affidavit of defense in that particular were justly regarded by the court below as vague and insufficient.  . We cannot understand how the corporation could have been injured by the

delay of which it now seeks to avail itself. The position of the parties in point of fact had not changed. The corporation had repudiated its contract with Daix, and therein persisted. In conducting its business after the passage of the by-law of August, 1900, it pursued the policy deliberately determined on when that by-law was adopted. It is not suggested in the affidavit of defense, nor is it to be believed, that the corporation would have changed its course of action, had it received earlier notice from Daix of his intention to treat the contract with him as rescinded, and to sue to recover back the assessments he had paid.

2. The general by-law upon which the corporation relies to bar this action is as follows:

"(68) No action at law or in equity, in any court shall be brought or maintained, or any cause or claim arising out of any membership or benefit certificate, unless such action is brought within one year from the time when such action accrues. Such right of action shall accrue 90 days after all proofs called for, in case of death of a member, shall have been furnished. In all cases where no proof of death has been furnished by a beneficiary, as required within 12 months after such death, all claims that might have been made shall be regarded as abandoned, and no proof shall thereafter be received or any claim made thereon."

It is as clear to us as it was to the court below that this by-law has no application to the present cause of action. It is one of a group of by-laws under the general head, "Death—Notice—Proofs, etc.," and relates evidently to the named subjects. The plaintiff in this action was not proceeding to enforce any cause or claim arising out of his membership or benefit certificate. His action was based upon a rescission of the contract, and was to recover back what he had paid thereon.

We discover no error in this record, and accordingly the judgment is affirmed.