### SUPREME COUNCIL A. L. H. v. McALARNEY.

(Circuit Court of Appeals, Third Circuit. February 13, 1905.)

#### No. 45.

MUTUAL BENEFIT INSURANCE—RESCISSION OF CONTRACT—LACHES.

Where an assessment insurance association passed a by-law which amounted to a renunciation of its contracts and entitled a member to rescind his contract and recover the premiums paid thereon, but no action was brought therefor until three years and seven months after the passage of the by-law, an affidavit of defense which sets up that no claim for rescission had previously been made, and that during the delay a large number of members who might have been assessed for the payment of plaintiff's claim died or ceased to be members, and that new members were taken in without any notice of the claim, is sufficient on its face to show such laches as would prevent a summary judgment against the association.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 131 Fed. 538.

Frank P. Prichard, for plaintiff in error.

J. H. Brinton, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The judgment brought before us by this writ of error for review was rendered against the defendant (the plaintiff in error) for want of a sufficient affidavit of defense.

Of course, for present purposes, we must accept as true all the distinct averments and specific statements of fact contained in that affidavit. The plaintiff (McAlarney) was the holder of an insurance certificate for $5,000, issued to him by the defendant association, similar

to the certificates which were involved in the cases of Supreme Council, etc., v. Black, 123 Fed. 650, 59 C. C. A. 414, and Supreme Council, etc., v. Daix, 130 Fed. 101, heretofore decided by this court, and Supreme Council, etc., v. Lippincott (which we have just decided) 134 Fed. 824. The plaintiff's cause of action is the alleged anticipatory breach of his insurance contract growing out of the defendant's action in adopting in August, 1900, and putting into effect on October 1, 1900, a by-law reducing its insurance certificates from $5,000 to $2,000. This suit was not brought until May 10, 1904. The suit is for the recovery back of the assessments the plaintiff paid upon his certificate, and proceeds as upon a rescission of the contract.

Under the averments of the affidavit of defense it must be taken (for the present) that the plaintiff did not protest against the by-law, and never notified the defendant that he rescinded the contract, and that he did no act indicating an intention to rescind the contract, until he brought this suit on May 10, 1904, three years and seven months after the right to elect to rescind the contract had accrued to him. The affidavit of defense further sets out that the revenues of the defendant association are derived from assessments levied against its members whenever its obligations require; that its officers did not know of the plaintiff's claim, and therefore did not provide for the same in calling assessments during the period between the time the right of rescission accrued to the plaintiff, in October, 1900, and the bringing of this suit, in May, 1904; that during that time about 3,000 members have either died or dropped out of the association, against whom assessments would have been laid proportionately, and collected, with which to pay the plaintiff's claim; that during said time 125 persons joined the association in ignorance of the plaintiff's claim; that the defendant association has been conducting its affairs on the belief that no such claim existed as the plaintiff now makes; and that the defendant has suffered damage in the respects mentioned through the delay of the plaintiff in rescinding his contract. Without further recitation of the statements of the affidavit of defense, we content ourselves with saying that we think the affidavit is fuller and more specific in regard to the changed circumstances of the defendant association and the injury to the association from the plaintiff's delay in signifying his election to rescind than was the affidavit of defense in Daix's Case, 130 Fed. 101.

The action of the defendant in passing and putting into effect the offending by-law did not bind the plaintiff or affect his contract of insurance. But he thereby acquired the right of electing either to treat the attempted reduction of his certificate as a breach of the contract and ground for the rescission thereof, or else to abide by his contract. He was, however, bound to exercise his right of rescission, if at all, within a reasonable time. What is a reasonable time depends upon the circumstances of the particular case. Where the facts are in dispute, ordinarily the question is for the jury. Where the facts are not in dispute, the question is one of law for the court. Morgan v. McKee, 77 Pa. 228, 231.

It will be perceived that the only question we are called on to determine at this time is whether the affidavit of defense was sufficient to

prevent a summary judgment against the defendant. We think it was, as respects its averments of the great delay of the plaintiff in signifying his election to rescind the contract, and the injurious consequences to the defendant association resulting from that delay. It seems to us that the affidavit of defense fairly and sufficiently raised the defense that the delay of the plaintiff in signifying his election to rescind was both unreasonable and hurtful to the defendant, and, therefore, that the plaintiff had lost his right to treat the contract as rescinded and recover back the assessments he had paid. This is as far as it is necessary for us to go. To go further would be improper, for, comparing the plaintiff's statement of claim and the affidavit of defense, we discover that there is a dispute between the parties as to the facts of the case.

We ought to add that there are matters set forth in the affidavit of defense to which we have not deemed it necessary to refer, and that our silence is not to be regarded as importing any opinion upon the questions arising out of these matters.

The judgment against the defendant for want of a sufficient affidavit of defense is reversed, and the cause is remanded to the Circuit Court for further proceedings.